UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAWAN ABDULLAH ABUZAID, known as
Model Roz,

                Plaintiff,

-against-

DANAH ALMAYOUF and DOES 1-10,

                Defendants.

23-CV-7837 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Defendant Danah Almayouf, acting *pro se*, removed to this Court an action that was commenced against her in 2019, in the Supreme Court of the State of New York, New York County. *See Abuzaid v. Almayouf*, No. 654536/2019, 2023 WL 398515, at *6 (N.Y. Sup. Ct. Jan. 24, 2023) (partial summary judgment for plaintiff granted in state court).[1] On September 27, 2023, Plaintiff filed a motion to remand to state court. For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, New York County.

## STANDARD OF REVIEW

    A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

---

[1] Defendant requests leave to proceed *in forma pauperis* (IFP) that is, without prepayment of fees. Defendant's IFP application provides insufficient information to determine whether she is unable to afford the cost of suit. Because the Court remands this action *sua sponte*, the Court does not address the IFP application.

> process, pleadings, and orders served upon such defendant or defendants in such
> action.

28 U.S.C. § 1446(a).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

The following information is from Defendant's notice of removal and Plaintiff's state court complaint. Plaintiff Rawan Abdullah Abuzaid, who is a Saudi Arabian citizen residing in California, is a social media influencer known as "Model Roz." (ECF 1 at 8.) Plaintiff sued Defendant Danah Almayouf, who was born in Saudi Arabia and resides in New York, in the Supreme Court of the State of New York, New York County. (*Id.*) Plaintiff alleged in the complaint that Defendant, among other things, had made false statements on social media that Model Roz was a prostitute who was paid for her services by the government of Saudi Arabia. *See Abuzaid*, 2023 WL 398515, at *6 (granting summary judgment in favor of plaintiff Abuzaid on the issue of liability on the defamation claim, with damages to be determined at trial, and allowing Abuzaid's remaining claims to continue).

Plaintiff filed this suit in state court on August 9, 2019, and Defendant was served with the summons and complaint on October 29, 2019. (ECF 1 at 2, ¶¶ 1, 3.) The state court granted Plaintiff partial summary judgment on January 25, 2023, and on February 18, 2023, Defendant

appealed the state court's summary judgment decision. Defendant then terminated her counsel for "inadequate representation" and filed a "motion to renew" or reconsider the state court decision on summary judgment. (*Id.* at ¶¶ 8-10.) Because the state court granted only partial summary judgment for Plaintiff, it appears that the state court action remains ongoing, at least for a determination of damages.

Defendant invokes both diversity of citizenship and federal question jurisdiction, 28 U.S.C. §§ 1331, 1332, as a basis for removal. (*Id.* at 2, ¶¶ 12, 14.) Defendant indicates that "Plaintiff and Defendant are from deferent [sic] states" (*id.* at ¶ 13), though she does not plead facts about the citizenship for diversity purposes of either party or where either party is domiciled, beyond the information that was included in Plaintiff's state court complaint. Defendant argues, as a defense to Plaintiff's defamation suit, that Plaintiff is suing her as a form of "transnational repression" because she is a Saudi activist abroad. (*Id.* at ¶ 16.) Defendant asserts, as a basis for removal, that this matter belongs in federal court because the state court judge has no experience with or knowledge of such transnational issues.

## DISCUSSION

### A.     Timeliness of Removal

Removal of this case is improper, among other reasons, because the notice of removal is untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion, or other paper indicating grounds for removal. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

It appears from the Notice of Removal and public records that the summons and complaint were filed on August 9, 2019 (ECF 1 at 2, ¶ 1), Defendant was served on October 29, 2019 (*id.* ¶ 3), and she "filed her answer on December 17, 2019." *Abuzaid*, 2023 WL 398515, at *3. Thus, nearly four years passed between service of the summons and complaint on Defendant in October 2019, and her filing of this Notice of Removal in September 2023. Moreover, Defendant makes no argument that the initial complaint was not removable, and she does not contend that she filed the Notice of Removal, under 28 U.S.C. § 1446(b)(3), within 30 days of receiving a paper from which it could first be ascertained that the case had become removable.[2] Because the Notice of Removal was filed well beyond the 30-day deadline, the Court concludes that the removal of this action was untimely.

**B.    Subject Matter Jurisdiction**

    1.    Federal Question Jurisdiction

District courts can exercise federal question jurisdiction of an action in which plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

---

[2] Although Doe defendants are listed in the caption of this matter, Defendant does not indicate that any other defendant was named or served, or joins in the Notice of Removal. See 28 U.S.C. 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

In the context of removal, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a plaintiff's suit arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . ., unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983); *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) (holding that a federal law defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach").

Here, Plaintiff's complaint asserts state law claims for tortious interference with economic advantage and for defamation by libel and slander. (ECF 1 at 5-22.) Plaintiff's properly pleaded complaint does not present any federal question on its face. Plaintiff's argument that this defamation action involves issues of "transnational repression" that the state court is ill-equipped to handle is, at best, an argument that there is some defense based on federal law.[3] Because a federal defense does not provide a basis for removal, removal of this state court action based on federal question jurisdiction is improper.

---

[3] Plaintiff expresses concern about subjecting her "personal devices" to discovery, because these contain information that she states the Saudi government may exploit. This appears to be the basis for her argument that her claims belong in federal court. Without expressing any opinion on the merits of her argument, the Court notes that Plaintiff can request a protective order during discovery in state court, just as she can in federal court.

2. Diversity of Citizenship

Under 28 U.S.C. § 1332, federal courts have jurisdiction of cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted).

To be diverse, parties must be citizens of different states, or "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a). Moreover, "federal courts lack subject matter jurisdiction over state law claims among aliens." *Franceskin v. Credit Suisse*, 214 F.3d 253, 257 (2d Cir. 2000); s*ee also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980) ("The fact that alien parties were present on both sides would destroy complete diversity"). A foreign citizen who is a permanent resident of the United States remains "an alien for the purposes of diversity jurisdiction." *Zhang v. Han*, No. 1:21-CV-1625-GHW, 2022 WL 62154, at *2 (S.D.N.Y. Jan. 5, 2022); *see also Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124 (2d Cir. 2020) (holding that federal court lacks jurisdiction of a suit by a lawful permanent resident alien against another alien).

In addition, removal on the ground of diversity jurisdiction is improper if any defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (removal on the basis of diversity is statutorily prohibited under 28 U.S.C. § 1441(b)(2) if any "part[y] in

interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000) ("Because [Defendant] was a citizen of New York, he was not entitled to remove to federal court" in New York.).[4]

      Here, Defendant's only allegation regarding citizenship in the notice of removal is that "Plaintiff and Defendant are from deferent [sic] states" (ECF 1 at ¶ 13). The complaint, attached to the Notice of Removal, states that Plaintiff is a citizen of Saudi Arabia, now residing in Los Angeles (*id.* at ¶ 16), and that Defendant was born in Saudi Arabia and resides in New York (*id.* at ¶ 17). Defendant refers to herself as a Saudi activist, and she does not plead facts showing that she is a United States citizen. If both parties are citizens of Saudi Arabia, the suit is one between aliens, of which the Court lacks jurisdiction, even if the parties are lawful permanent residents of the United States. See *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (holding that "a foreign citizen who resides in, and is a permanent resident of, the United States is 'an alien for the purposes of diversity jurisdiction'"); *New York Metro. Reg'l Ctr., L.P. II v. Mammoet USA Holding, Inc.*, 552 F. Supp. 3d 451, 460 (S.D.N.Y. 2021) ("[T]he express purpose of the 2011 amendment was to ensure that permanent resident aliens 'would no longer be deemed to be U.S. citizens for purposes of diversity jurisdiction, thereby avoiding the possibly anomalous results' caused by the 1988 language—namely, allowing suits between two foreign citizens to be heard in federal court pursuant to the diversity statute.").

---

[4] The "primary rationale for diversity jurisdiction [is] to protect defendants against the presumed bias of local courts," and this potential bias against out-of-state defendants is not a concern where "at least one defendant is a citizen of the forum state." 77 C.J.S. Removal of Cases § 63.

Defendant bears the burden of demonstrating diversity jurisdiction. If, as it appears, both parties are citizens of Saudi Arabia, diversity jurisdiction will not lie, even if one or both are legal permanent residents in the United States. *See Tagger*, 951 F.3d at 127. Alternatively, if Defendant is a United States citizen, under the forum defendant rule, 28 U.S.C. § 1441(b)(2), she may not remove the state court action to this Court on the basis of diversity jurisdiction because she resides in New York, and thus is not an out-of-state defendant.

For all of these reasons, the Court concludes that removal of this action is improper. The action is therefore remanded to the Supreme Court of the State of New York, New York County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

**C.      Motion for Attorney's Fees**

Plaintiff moves for an order requiring Defendant to pay her expenses for bringing the motion to remand, including reasonable attorney's fees. Courts may award attorney's fees under 28 U.S.C. § 1447(c) where the removing party lacks an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Plaintiff's argument that Defendant lacked an objectively reasonable basis for seeking removal does have some force, in light of Plaintiff's status as a *pro se* litigant who sought leave to proceed *in forma pauperis*, the Court declines to award attorney fees.

## CONCLUSION

Defendant's Notice of Removal is untimely, and she fails to satisfy her burden of demonstrating that the Court has subject matter jurisdiction of this action. The action therefore is remanded, under 28 U.S.C. § 1447(c), to the Supreme Court of the State of New York, New

York County. The Court denies Plaintiff's request for an award of attorney's fees. The Clerk of Court is directed to send a copy of this order to the Supreme Court of the State of New York, New York County, and to close this action. All matters pending in this Court are terminated.

    SO ORDERED.

Dated:   October 2, 2023
          New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                     Chief United States District Judge